**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re: Michael Andrew Price             Case No. 14-32429-KLP
**Debtor**             Chapter 13

**2002 Hobson Lane**
**Richmond, Virginia 23223**

**xxx-xx-5891**

### NOTICE OF MOTION TO CONTINUE THE AUTOMATIC STAY AND HEARING

The above named Debtor, by counsel, has filed a Motion for Continuation of the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON May 28, 2014 at 12:00 p.m. in Honorable Keith L. Phillips's Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

            Clerk of Court
            United States Bankruptcy Court
            701 E. Broad Street,  Suite 4000
            Richmond, VA 23219-3515

**Amanda Erin DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

    2.      You must also mail a copy to:

> Boleman Law Firm, P.C.
> P. O. Box 11588
> Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

> Respectfully submitted,
>
> MICHAEL ANDREW PRICE
> By Counsel:
>
> /s/ **Amanda Erin DeBerry**
> **Amanda Erin DeBerry** (VSB# **83805**)
> Boleman Law Firm, P.C.
> P. O. Box 11588
> Richmond, Virginia 23230-1588
> Telephone (804) 358-9900
> Counsel for Debtor

## CERTIFICATE OF SERVICE

    I certify that on May 13, 2014, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties of interest in the mailing matrix attached hereto.

> /s/ **Amanda Erin DeBerry**
> Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: Michael Andrew Price | Case No. 14-32429-KLP |
| Debtor | Chapter 13 |

2002 Hobson Lane
Richmond, Virginia 23223

xxx-xx-5891

**MOTION TO CONTINUE AUTOMATIC STAY AND
MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW** MICHAEL ANDREW PRICE (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Continue Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1.  Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2.  This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3.  Venue is proper pursuant to 28 U.S.C. §1409.

**Background Facts**

4.  On May 2, 2014 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

**Amanda Erin DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

5.      Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on February 13, 2013, and dismissed on September 10, 2013 (Case No. 13-30715-KRH). The previous case was dismissed by the Court because of payment default. Mr. Price was hospitalized due to his cancer and was unable to maintain plan payments.

6.      Mr. Price has also been a debtor in one additional prior Chapter 13 bankruptcy case, which was filed on November 17, 2011 and dismissed on January 11, 2013 (Case No. 11-37288-DOT).

## Facts of the Instant Case

7.      In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $180.00 per month, for a period of 60 months.

8.      Among other provisions, the Plan proposes the following: payment through the Trustee to Michael Wayne Investment for a lien secured by Debtor's vehicle; to the County of Henrico for certain tax debts; Debtor's unsecured creditors will receive a reasonable dividend based on Debtor's best efforts to pay.

## Discussion

9.      Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " on June 1, 2014, unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10.     Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the

Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11.   If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtor to overcome such presumption and prove good faith by clear and convincing evidence.  If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor must merely prove good faith by a preponderance of the evidence.  In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12.   Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr.E.D.Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13.   Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972.  The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319

(14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13."

Chaney at 694.

## **Argument**

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

    a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 9% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this

factor favors a finding of good faith.

        b.     *Debtor's financial situation* – Debtor has income from Social Security and Food Stamps, as well as a contribution from his girlfriend. A significant positive change in the Debtor's financial circumstances has also taken place since the dismissal of the previous case. Specifically, Mr. Price is now receiving consistent social security income and food stamps, in addition to regular contributions from his girlfriend. Additionally, Debtor's income is likely to remain consistent throughout this case. Debtor's financial situation does not allow for the maintenance of unnecessary expenses for luxury items but allows for the maintenance of an average standard of living for Debtor's household and the successful completion of the terms of the Chapter 13 Plan. Application of this factor favors a finding of good faith.

        c.     *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

        d.     *Debtor's employment history and prospects* – Mr. Price receives consistent social security income  Application of this factor favors a finding of good faith.

        e.     *Nature and amount of unsecured claims* - Debtor's non-priority unsecured debts are estimated to be approximately $20,606.85. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

        f.     *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that Debtor was a debtor in a previous case that was dismissed within one (1)

year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

   g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

   h. *Any unusual or exceptional problems facing the particular debtor* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

 18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, Debtor asserts the following additional arguments:

   a. *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b. *How the debts arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

    c. *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d. *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

  WHEREFORE, for the foregoing reasons, MICHAEL ANDREW PRICE respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

        Respectfully submitted,

        MICHAEL ANDREW PRICE
        By Counsel:

        /s/ **Amanda Erin DeBerry**
        **Amanda Erin DeBerry** (VSB# **83805**)
        Boleman Law Firm, P.C.
        P. O. Box 11588
        Richmond, Virginia 23230-1588
        Telephone (804) 358-9900
        Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      I certify that on May 13, 2014, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties of interest in the mailing matrix attached hereto.

        /s/ **Amanda Erin DeBerry**
        Counsel for Debtor

| | | |
|---|---|---|
| Office of the US Trustee<br>701 E. Broad Street<br>Room 4304<br>Richmond, VA 23219 | Allied Cash Advance<br>Re: Bankruptcy<br>5000 Nine Mile Rd<br>Richmond, VA 23223 | Bon Secours Rich. Comm. Hosp.<br>Attn: Bankruptcy Dept.<br>PO Box 28538<br>Richmond, VA 23228 |
| Check City<br>Attn: Bankruptcy<br>2729 W. Broad Street, Suite B<br>Richmond, VA 23220 | County of Henrico<br>Treasury Division<br>P.O. Box 90775<br>Henrico, VA 23273-0775 | Dominion Medical Assoc.<br>Attn: Bankruptcy Dept<br>P.O. Box 692<br>Ruther Glen, VA 22546 |
| First Virginia Financial<br>9121 Staples Mill Road<br>Richmond, VA 23228-2026 | Jefferson Capital Systems<br>16 McLeland Road<br>Saint Cloud, MN 56303 | MCV Hospitals<br>Attn: Bankruptcy Dept<br>P.O. Box 980462<br>Richmond, VA 23298-0462 |
| MCV Physicians Billing Office<br>RE: Bankruptcy<br>PO Box 91747<br>Richmond, VA 23291-1747 | Michael Wayne Investment Co.<br>6348 E. Virginia Beach Blvd<br>Norfolk, VA 23502 | Michael Wayne Investment Corp.<br>6336 E. Virginia Beach Blvd.<br>Norfolk, VA 23502 |
| Parrish and Lebar<br>Re: MCV Physicians<br>5 East Franklin Street<br>Richmond, VA 23219 | Professional Emerg. Care<br>P.O. Box 1257<br>Troy, MI 48099-1257 | Richmond Community Hospital<br>Attn: Bankruptcy Department<br>P.O. Box 27184<br>Richmond, VA 23261 |
| UCB<br>RE: Professional Emergency Ca<br>5620 Southwyck Blvd., # 206<br>Toledo, OH 43614 | | |

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Michael Andrew Price

---

**EXHIBIT "1" TO MOTION TO CONTINUE STAY AND
MEMORANDUM IN SUPPORT THEREOF**

**AFFIDAVIT OF Michael Andrew Price**

BEFORE ME, the undersigned authority, personally appeared Michael Andrew Price, known to me, and upon his oath stated as follows:

1. My name is Michael Andrew Price. I am above the age of 18 years, and competent to make this affidavit. I have personal knowledge of the facts set forth in this affidavit.

2. I reside at 2002 Hobson Lane, Richmond, VA 23223.

3. I have income from Social Security and food stamps. My income is stable, and I do not expect it to change in the future.

4. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I have been debtor in one (1) pending bankruptcy case that was dismissed.

6. The previous case was a Chapter 13 bankruptcy case filed on February 13, 2013, and dismissed on September 10, 2013 (Case No. 13-30715-KRH) (the "previous case").

7. The previous case was dismissed because of payment default. I was hospitalized due to my cancer and could not maintain plan payments

8. Since the dismissal of the previous case, I have experienced a significant positive change in my financial circumstances in that I am now receiving consistent social security income and food stamps.

9. I believe that these changes in circumstances will enable me to successfully complete this bankruptcy case.

10. I have listed all of my assets and all of my debt and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

11. I will propose the following treatment of my creditors in my Chapter 13 Plan: payment through the Trustee to Michael Wayne Investment Co. for a lien secured by my vehicle; to the County of Henrico for certain tax debts; my unsecured creditors will receive a reasonable dividend based on my best efforts to pay.

12. I am proposing to pay the Trustee all projected disposable income, $180.00 per month, for a period of 60 months.

13. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

14. My debts arose as a result of ordinary living expenses. The credit card debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

15. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect. In addition to repaying my creditors what I can afford and obtain a discharge of my indebtedness, the purpose of my bankruptcy filing is to pay off my vehicle and tax debts.

16. My income is consistent and likely to remain so during my case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal this <u>2nd</u> day of <u>May,</u> <u>2014</u>.


       <u>/s/ Michael Andrew Price</u> (seal)
       Michael Andrew Price


CERTIFICATE OF ACKNOWLEDGMENT:
Commonwealth of Virginia
City of Richmond, to wit:

    The foregoing instrument was acknowledged before me this <u>2nd</u> day of <u>May,</u> <u>2014</u>, by <u>Michael Andrew Price</u>.


My Commission Expires: <u>9/30/2016</u>       <u>/s/ Andrew C. Rowe</u>
                                                    Notary Public


                                                 352523
                                            Notary Registration Number